IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| PAUL ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | _3:14-cv-118-TCB_ |
| vs. | ) | |
| | ) | |
| JAKE'S FIREWORKS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and hereby files this Complaint for damages, as follows:

## PARTIES

1.

Plaintiff Paul Alexander (hereinafter "Alexander" and/or "Plaintiff") is a resident and citizen of the State of Georgia.

2.

Defendant Jake's Fireworks, Inc. (hereinafter "Jake's" and/or "Defendant") is a Kansas corporation with its principal place of business in Kansas. Defendant Jake's Fireworks, Inc. is registered to and does business in the State of Georgia and

may be served through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30361.

3.

Defendant Jake's is in the business of designing, manufacturing, developing, marketing, promoting, testing, labeling, distributing, warranting, and selling consumer fireworks.  At all times material hereto, Defendant designed, manufactured, developed, marketed, promoted, tested, labeled, distributed, warranted, and sold a consumer firework under its trademarked Boomer™ label known as "Bottoms Up," a six-shot 200-gram "cake" (hereinafter referred to as "the subject firework").

**JURISDICTION AND VENUE**

4.

Defendant has, at all times relevant, (a) is registered to and has transacted business in the State of Georgia; (b) committed a tortious injury in the State of Georgia caused by an act or omission outside this state and regularly did or solicited business, engaged in a persistent course of conduct and/or derived substantial revenue from goods used or consumed or services rendered in this state; and (c) regularly transacts business within the State of Georgia.

5.

On information and belief, Defendant Jake's placed the subject firework into the stream of commerce knowing, or having reason to know, that it would be sold, used, and posed unreasonable risks of bodily injury to consumers nationwide, including Plaintiff, for which Defendant is liable.

6.

On information and belief, Defendant Jake's committed certain tortious acts and/or omissions with respect to the design, manufacture, development, marketing, promotion, testing, labeling, distribution, warrantying, and selling of the subject firework, which acts and/or omissions proximately caused injury and damage to Plaintiff in Georgia, for which Defendant is liable.

7.

On information and belief, Defendant Jake's committed certain tortious acts and/or omissions by, among other things, breaching the continuing duty to warn customers, including Plaintiff, about certain risks and unreasonably dangerous conditions of the subject firework.

8.

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because (a) there is complete diversity of citizenship between all parties and (b) Plaintiff seeks and the amount in controversy far exceeds the sum or value of $75,000.00.

9.

This Court has jurisdiction over the subject matter of this action.

10.

This Court has personal jurisdiction over the over the parties named herein.

11.

A substantial part of the events or omissions giving rise to Plaintiff's Complaint, as described herein, occurred in Coweta County, Georgia. Therefore venue is proper in the Newnan Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391.

## **OPERATIVE FACTS**

12.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

13.

On July 4, 2013, Plaintiff attended an Independence Day celebration with friends at a lake home in or around Moreland, Georgia.

14.

As a part of the holiday celebration, the subject firework was placed on a hard and level surface and lit.

15.

If designed and manufactured properly, the subject firework was supposed to shoot projectiles through the top of the firework packaging, sending projectiles vertically up into the air.

16.

Unbeknownst to Plaintiff, the subject firework was defectively designed and/or manufactured, which defects could not be discovered by Plaintiff or others.

17.

Unbeknownst to Plaintiff, the subject firework was in a defective and unsafe condition and posed a serious risk of injury to those within its vicinity when lit.

18.

The defective and unsafe condition of the subject firework was known to Defendant's employees, agents, and/or representatives, or should have been discovered by Defendant through appropriate quality control measures.

19.

As a result of the defective condition of the subject firework, the projectile exited the packaging through its side and laterally, striking Plaintiff on his face with enormous causing a fractured right orbital bone and permanent vision loss.

## COUNT I – DEFECTIVE DESIGN (Strict Liability)

20.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

21.

Defendant designed, manufactured, developed, marketed, promoted, tested, labeled, distributed, warrantied, sold and placed into the stream of commerce a defective and unreasonably dangerous product, *i.e.* the subject firework.

22.

The subject firework was expected to reach and did reach consumers without substantial change in the condition in which it was sold.

23.

The subject firework was defectively designed in that it caused and/or permitted projectiles to fire from its side and laterally away from the firework, thereby posing a risk of serious injury to those in the vicinity.

24.

The subject firework was otherwise defectively designed.

25.

The subject firework was defective in design in that its use posed a greater likelihood of injury than other alternative designs.

26.

The subject firework was defective in design in that the design was more dangerous than an ordinary consumer could reasonably foresee.

27.

The subject firework posed an unreasonable danger to consumers when used in a foreseeable and reasonable manner.

28.

Plaintiff and others were not able to and did not detect the defects in the subject firework.

29.

There was a safer alternative design for the subject firework.

30.

As a direct and proximate result of the defective design of the subject firework, Plaintiff has sustained the injuries and damages set forth herein.

31.

For the reasons set forth herein, Defendant is liable to Plaintiff for the defective design of the subject firework, which resulted in injuries to Plaintiff.

**COUNT II – DEFECTIVE MANUFACTURE (Strict Liability)**

32.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

33.

The subject firework was defectively manufactured in that it caused and/or permitted projectiles to fire from its side and laterally away from the firework, thereby posing a risk of serious injury to those in the vicinity.

34.

The subject firework was otherwise defectively manufactured.

35.

The subject firework posed an unreasonable risk of serious harm to consumers when used in a foreseeable and reasonable manner.

36.

As a direct and proximate result of the defective manufacture of the subject firework Plaintiff has sustained the injuries and damages set forth herein.

37.

For the reasons set forth herein, Defendant is liable to Plaintiff for the defective manufacture of the subject firework, which resulted in injuries to Plaintiff.

**COUNT III – FAILURE TO WARN (Strict Liability)**

38.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

39.

On information and belief, Defendant marketed, labeled, distributed and placed into the stream of commerce a product that contained inadequate and incomplete warnings for consumers, *i.e.* the subject firework.

40.

Defendant failed to warn Plaintiff of substantial risks and hazards posed by the subject firework, including the risk that the firework could misfire, causing projectiles to fire from its side and laterally away from the firework, thereby posing a risk of serious injury to those in the vicinity.

41.

Defendant failed to warn Plaintiff of substantial risks and hazards posed by the subject firework, including the risks described herein.

42.

Defendant failed to warn of and disclose the risks associated with the reasonable and foreseeable use of the subject firework to consumers, including Plaintiff.

43.

Defendant failed to warn consumers of the defective design and/or manufacture of the subject firework.

44.

The subject firework posed an unreasonable danger to consumers, including Plaintiff, when used in a foreseeable and reasonable manner.

45.

Plaintiff could not and did not detect the defect in the subject firework.

46.

As a direct and proximate result of the failure to warn by Defendant, Plaintiff has sustained the injuries and damages set forth herein.

47.

For the reasons set forth herein, Defendant is liable to Plaintiff for Defendant's failure to warn of the substantial risks, hazards, and/or dangers posed by the subject firework, as set forth herein.

## COUNT IV – NEGLIGENCE

48.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

49.

Defendant, its agents, employees, and representatives, had a duty to exercise due care and skill in the design, manufacture, development, inspection, testing, and approval of the subject firework, and to ensure that all such work was performed with due care and/or skill.

50.

Defendant, its agents and employees, breached the duties owed to Plaintiff by failing to exercise due care and/or skill in the design, manufacture, development, inspection, testing, and approval of the subject firework and were thereby negligent.

51.

The acts and/or omissions of Defendant, its agents, employees, and representatives constitute negligence *per se*.

52.

Defendant, its agents, employees, and representatives, had actual or constructive knowledge of the substantial risks and hazards posed by the subject firework, including the risk that the firework could misfire, causing projectiles to fire from its side and laterally away from the firework, thereby posing a risk of serious injury to those in the vicinity.

53.

The risks and hazards posed to consumers, including Plaintiff, by the foreseeable and reasonable use of the subject firework, as-manufactured by Defendant, included risk of serious injury to those in the vicinity.

54.

Defendant, its agents, employees, and representatives had a duty to disclose to consumers, including Plaintiff, of the risks and hazards posed by the foreseeable use of the subject firework, as described herein, including the risk that the firework could misfire, causing projectiles to fire from its side and laterally away from the firework, thereby posing a risk of serious injury to those in the vicinity.

55.

Defendant, its agents, employees, and representatives breached the duties owed to consumers, including Plaintiff, by failing to disclose the risks and hazards posed by the foreseeable use of the subject firework, including the risk that the firework could misfire, causing projectiles to fire from its side and laterally away from the firework, thereby posing a risk of serious injury to those in the vicinity, and were thereby negligent.

56.

Defendant, its agents, employees, and representatives were otherwise negligent.

57.

The risks and hazards posed to consumers by the foreseeable use of the subject firework was not known to Plaintiff.

58.

Defendant did not warn Plaintiff of the risks and hazards posed by the foreseeable use of the subject firework, including the risk that the firework could misfire.

59.

Neither the manufacturer of the subject firework nor any other person or entity warned Plaintiff of the risks and hazards posed by the foreseeable use of the subject firework.

60.

As a direct and proximate result of Defendant's negligence, Plaintiff has sustained the injuries and damages set forth herein.

61.

For the reasons set forth herein, Defendant is liable to Plaintiff for its negligent acts and/or omissions, as set forth herein.

## **PROXIMATE CAUSE**

62.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

63.

At all relevant times hereto, Plaintiff exercised ordinary care and diligence for his own safety under the conditions and circumstances then existing.

64.

At all relevant times hereto, Plaintiff lacked any prior knowledge of the danger and defects that existed with respect to the subject firework which caused injury to Plaintiff on July 4, 2013.

65.

Each of the foregoing acts and omissions on the part of Defendant constitutes an independent tortious act and/or omission and one or more or all of the above-stated acts or omissions were the direct and proximate causes of the injuries suffered by Plaintiff.  But for said tortious acts and/or omissions, Plaintiff would not have suffered injuries and damages.

66.

Defendant is liable for the personal injuries of Plaintiff and all damages recoverable under Georgia law.

**DAMAGES**

67.

Plaintiff incorporates the preceding allegations as if fully set forth herein.

68.

As a result of Defendant's acts and omissions as set forth above, Plaintiff suffered severe and permanent injuries to his face and right eye.

69.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

70.

As a result of Defendant's acts and/or omissions, Plaintiff incurred reasonable, necessary, and continuing medical expenses for the past, present, and future due to the injuries he sustained, presently totaling $14,596.82, and will continue to incur expenses into the future, in an amount to be proven at trial.

71.

As a result of Defendant's acts and/or omissions, Plaintiff has incurred and/or will incur lost wages for the past, present, and future due to the injuries he sustained in an amount to be proven at trial.

72.

Plaintiff is entitled to recover for the injuries and pain and suffering he sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential,

attorney fees, necessary expenses, and/or other damages permitted.  Plaintiff states his intention to seek all compensatory, special, economic, consequential, general and all other damages permissible under Georgia law, including, but not limited to:

a)  Personal injuries;

b)  Past, present, and future pain and suffering;

c)  Disability;

d)  Disfigurement;

e)  Mental anguish;

f)  Loss of the capacity for the enjoyment of life;

g)  Incidental expenses;

h)  Necessary expenses;

i)  Loss of earning capacity;

j)  Past, present, and future medical expenses;

k)  Lost wages for the past, present, and future;

l)  Diminished capacity to labor;

m) Permanent injuries; and

n)  Consequential damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment to be awarded to him and against Defendant for the following:

a) Process issue requiring Defendant to appear as provided by law to answer this Complaint;

b) That Defendant be timely served with process;

c) Plaintiff be awarded all general, special, compensatory, economic, non-economic, and all other allowable damages from Defendant in accordance with the enlightened conscience of an impartial jury and as permitted under Georgia law;

d) Plaintiff be awarded attorneys' fees and expenses of litigation in an amount which will be proven through the evidence at the time of trial;

e) That all costs be cast against Defendant;

f) Plaintiff have a trial by jury on all issues and claims; and

g) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted,

**CASH, KRUGLER & FREDERICKS, LLC**


/s/ David N. Krugler

David N. Krugler
Georgia Bar No. 429929
5447 Roswell Road, N.E.
Atlanta, GA 30342
(404) 659-1710
(404) 264-1149 (fax)
dkrugler@ckandf.com
**Counsel for Plaintiff**



**GLASS & ROBSON, LLC**



/s/ James A. Robson

James A. Robson
Georgia Bar No. 551053
3445 Peachtree Rd., Suite 425
Atlanta, GA 30326
(404) 751-4702
(404) 261-0024
James@glassrobson.com
**Counsel for Plaintiff**